CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division

NAG YOUNG CHU (NYBN 5925821)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7478
FAX: (415) 436-7234
Jeremy.Chu@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF ENERGY; CHRISTOPHER WRIGHT, *in his official capacity as Secretary of U.S. Department of Energy*,<br><br>Defendants. | CASE No. 3:26-cv-05455-JD<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Hon. James Donato |

Defendants, U.S. Department of Energy ("DOE") and Christopher Wright in his official capacity (collectively "Defendants") by and through their undersigned counsel, hereby submit this Answer to the Complaint (ECF No. 1). Defendants expressly deny all allegations in the Complaint that are not specifically admitted to or otherwise qualified in this Answer. Defendants respond to the Complaint as follows:[1]

**INTRODUCTION**

1. Defendants admit that Plaintiff participated in DOE's Clean Cities and Communities Coalition Program ("Clean Cities Program") since October 1994 and was awarded Clean Cities Program funding this fiscal year. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 1, and on that basis deny them.

2. Defendants aver that the Standard Terms and Conditions speak for themselves and is the best evidence of its contents, and all allegations inconsistent therewith are denied. Paragraph 2 further contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny.

3. Defendants aver that the Standard Terms and Conditions speak for themselves and is the best evidence of its contents, and all allegations inconsistent therewith are denied. Paragraph 3 further contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny.

4. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 4 that Plaintiff "relies on" DOE funding to "support critical programs and services for its residents" and "will be forced to forgo Clean Cities funding and prevented from accessing any other DOE funding," and on that basis deny them. Defendants deny the remaining allegations in Paragraph 4 and aver that Plaintiff is not entitled to any relief.

**JURISDICTION AND VENUE**

5. Paragraph 5 contains Plaintiff's legal conclusions regarding subject matter jurisdiction, to

[1] The headings and numbered paragraphs of this Answer correspond to the headings and numbered paragraphs of the Complaint. Defendants do not waive any defensive theory or agree to or admit that Plaintiff's headings are accurate, appropriate, or substantiated. To the extent Plaintiff's headings could be construed to contain factual allegations, those allegations are denied.

which no response is required. To the extent a response is required, Defendants deny that the federal government has waived sovereign immunity under 28 U.S.C. § 1331.

6. Paragraph 6 contains Plaintiff's legal conclusions regarding the Court's authority to issue the requested relief. To the extent a response is required, Defendants deny that the federal government has waived sovereign immunity under the Declaratory Judgment Act, 18 U.S.C. §§ 2201-02.

7. Paragraph 7 contains Plaintiff's legal conclusions regarding venue to which no response is required. To the extent a response is required, Defendants admit that venue is governed by the terms of 28 U.S.C. § 1391(e).

**DIVISIONAL ASSIGNMENT**

8. Paragraph 8 contains Plaintiff's legal conclusions regarding divisional assignment to which no response is required. To the extent a response is required, Defendants admit that the divisional assignment is appropriate here.

**PARTIES**

**I. Plaintiff**

9. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 9 and on that basis deny them.

**II. Defendants**

10. Defendants admit.

11. Defendants admit that Christopher Wright is the Secretary of Energy of the United States, is DOE's highest-ranking official, and is sued in his official capacity. The referenced statutory provision, 42 U.S.C. § 7131, speaks for itself and is the best evidence of its contents.

**FACTUAL BACKGROUND**

**I. DOE Funding Supports National Energy and Conservation Efforts Through Awards Authorized by Congress**

12. Defendants admit that DOE administers grants and financial assistance awards aligned with its statutory missions, and that its mission statements speak for themselves and are the best evidence of their contents. All allegations concerning DOE's mission statements inconsistent therewith are denied.

13. Defendants admit that Plaintiff has received funding as a coalition member of DOE's Clean

Cities Program. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13, and on that basis deny them.

14. Defendants admit that DOE's grant programs are authorized by acts of Congress.

**A. Congress Authorized DOE's Clean Cities Program Through the Energy Policy Act of 1992**

15. The cited provisions of the Energy Policy Act of 1992 and 42 U.S.C. §§ 13231, 13235, 13236, and 13255 speak for themselves as the best evidence of their contents. All allegations inconsistent therewith are denied.

16. Defendants respectfully direct the Court to statutory provisions, including the Energy Policy Act of 1992, and the online sources cited in Paragraph 16 as the best evidence of their contents, and deny all allegations inconsistent therewith.

17. Defendants admit.

18. Defendants respectfully direct the Court to online source cited in Paragraph 18 as the best evidence of its contents, and deny all allegations inconsistent therewith.

19. Defendants admit that Plaintiff is currently a member of the Clean Cities coalition. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 19 and on that basis deny them.

**II. DOE Amends its Standard Terms and Conditions to Include an Unlawful and Unconstitutional Condition**

20. Defendants admit.

21. The Standard Terms and Conditions speak for themselves as the best evidence of its contents, and Defendants deny all allegations inconsistent therewith.

22. The Standard Terms and Conditions speak for themselves as the best evidence of its contents, and Defendants deny all allegations inconsistent therewith.

23. Defendants respectfully direct the Court to the contents of the Standard Terms and Conditions and Executive Order 14173 as the best evidence of their contents, and deny all allegations inconsistent therewith.

24. Defendants admit that President Trump has issued a series of executive orders since his

inauguration. Those executive orders speak for themselves and are the best evidence of their contents, and all allegations concerning the contents inconsistent therewith are denied. Paragraph 24 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny.

25. Defendants lack knowledge or information sufficient to form a belief as to the truth of the first sentence of Paragraph 25, and on that basis deny them. The remaining allegations consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny.

26. Defendants admit that Plaintiff must stipulate that compliance with antidiscrimination law is material for purposes of the federal False Claims Act. The allegations in paragraph 26 constitute Plaintiff's characterization of the lawsuit and no response is required. To the extent that a response is required, denied.

27. Defendants admit that on July 29, 2025, the Attorney General issued a memorandum titled "Guidance for Recipients of Federal Funding Regarding Unlawful Discrimination" (the "July Bondi Memo"). The July Bondi Memo speaks for itself as the best evidence of its contents and all allegations concerning the contents inconsistent therewith are denied.

28. The July Bondi Memo speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.

29. The July Bondi Memo speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.

30. Defendants deny.

31. Defendants deny.

32. Defendants deny.

33. Defendants deny.

## III. DOE's Standard Terms and Conditions Foreclose the City from Accessing Funds Appropriated by Congress

### A. Congress Appropriates Clean Cities Funding for Fiscal Year 2026

34. Defendants admit that the Clean Cities Program is funded through Congressional appropriations.

35. The cited provisions of Pub. L. No. 119-74 and the corresponding legislative statement

speak for themselves as the best evidence of their contents, and all allegations concerning the contents inconsistent therewith are denied.

**B. DOE Awards 2026 Clean Cities Funding to the City**

36. Defendants admit.

37. Defendants admit.

38. Defendants admit that Plaintiff was issued a Clean Cities cooperative award of $130,000 for the period April 1, 2026 through March 31, 2027. Defendants deny the allegation that Plaintiff requested that Defendants extend any drawdown through August 1, 2026.

39. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39, and on that basis deny them.

40. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40, and on that basis deny them.

**C. San Francsico is Forced to Accede to the Discrimination Condition or Cease all DOE Drawdowns and Reimbursements, Including Clean Cities Funding**

41. Defendants deny.

42. The cited statutory provisions of the False Claims Act, 31 U.S.C. § 3729(a), and 18 U.S.C. § 287, speak for themselves as the best evidence of their contents, and all allegations concerning the contents inconsistent therewith are denied. Defendants deny the remaining allegations in Paragraph 42.

43. The U.S. Department of Justice's May 19, 2025 announcement speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied. Defendants deny the remaining allegations in Paragraph 43.

44. Assistant Attorney General Brett Shumate's announcement on June 11, 2025 speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied. Defendants deny the remaining allegations in Paragraph 44.

45. The condition that grant recipients must certify that compliance with antidiscrimination law is material for purposes of the False Claims Act speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied. Defendants deny the remaining allegations in Paragraph 45.

46. Defendants deny.

47. Defendants deny allegations that any aspect of the conditions of the award is untenable. Defendants lack knowledge or information sufficient to form a belief as to Plaintiff's claims regarding projected local emission reductions or internal municipal program losses. To the extent a response is required, Defendants deny.

48. Defendants lack knowledge or information sufficient to form a belief as to the allegations regarding Plaintiff's award under the Inflation Reduction Act of 2022, and on that basis, deny it. Defendants deny the remaining allegations contained in Paragraph 48.

**FIRST CAUSE OF ACTION**

**Violation of Separation of Powers**

49. Defendants incorporate by reference their response to the allegations in the preceding paragraphs.

50. The Constitution speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.

51. The Constitution speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.

52. The Constitution speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied,

53. The Constitution speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.

54. The Constitution speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.

55. The Constitution speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.

56. Energy Policy Act of 1992 speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.

57. Paragraph 57 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny.

58. Defendants deny.

59. Defendants deny.

**SECOND CAUSE OF ACTION**

**Violation of Spending Power**

60. Defendants incorporate by reference their response to the allegations in the preceding paragraphs.

61. With respect to the first sentence of Paragraph 60, the Constitution speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied. Defendants deny the allegations in the second sentence of Paragraph 60.

62. The Constitution speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.

63. The Constitution speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.

64. Defendants deny.

**a. Ambiguity**

65. Defendants deny.

**b. Germaneness**

66. Defendants deny.

67. Defendants deny.

68. Defendants deny.

**THIRD CAUSE OF ACTION**

**Violation of the Administrative Procedure Act: Arbitrary and Capricious**

69. Defendants incorporate by reference their response to the allegations in the preceding paragraphs.

70. Defendants admit.

71. The Administrative Procedure Act speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.

72. Paragraph 72 contains legal conclusions to which no response is required. To the extent a

response is required, Defendants deny.

73. The Administrative Procedure Act speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.

74. The Administrative Procedure Act speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.

75. Defendants deny.

76. Defendants deny.

77. Defendants deny.

78. The allegations in Paragraph 78 constitute Plaintiff's characterization of the lawsuit and no response is required. To the extent a response is required, Defendants deny the allegations. Defendants further aver that Plaintiff is not entitled to any relief in this lawsuit.

**FOURTH CAUSE OF ACTION**

**Violation of the Administrative Procedure Act: Contrary to the Constitution**

79. Defendants incorporate by reference their response to the allegations in the preceding paragraphs.

80. The Administrative Procedure Act speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.

81. Defendants deny.

82. The allegations in Paragraph 82 constitute Plaintiff's characterization of the lawsuit and no response is required. To the extent a response is required, Defendants deny the allegations. Defendants further aver that Plaintiff is not entitled to any relief in this lawsuit.

83. Defendants deny.

**FIFTH CAUSE OF ACTION**

**Violation of the Administrative Procedure Act: Excess of Statutory Authority**

84. Defendants incorporate by reference their response to the allegations in the preceding paragraphs.

85. The Administrative Procedure Act speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.

86. Defendants admit.

87. Defendants deny.

88. Defendants deny.

89. The allegations in Paragraph 89 constitute Plaintiff's characterization of the lawsuit and no response is required. To the extent a response is required, Defendants deny the allegations. Defendants further aver that Plaintiff is not entitled to any relief in this lawsuit.

**PRAYER FOR RELIEF**

The allegations in Paragraphs 1 through 9 following the "WHEREFORE" clause consist of Plaintiff's requests for relief to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to any relief whatsoever.

Defendants deny each and every allegation not specifically and expressly admitted herein.

FURTHER answering, Defendants aver:

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

The Court lacks subject matter jurisdiction over Plaintiff's Complaint.

**THIRD DEFENSE**

Plaintiff lacks standing to bring its claims.

**FOURTH DEFENSE**

At all times alleged in the Complaint, Defendants were acting in good faith, with justification, and pursuant to authority.

**FIFTH DEFENSE**

Defendants did not violation any Constitutional, statutory, or regulatory provision.

**SIXTH DEFENSE**

Plaintiff is not entitled to attorneys' fees or costs.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants respectfully request that:

1. Plaintiff takes nothing by reason of the Complaint;

2. Judgement be entered in favor of Defendants and against Plaintiff; and

3. The Court grant such other relief as it deems just and proper.

Date: August 31, 2026

Respectfully submitted,

CRAIG MISSAKIAN
United States Attorney

By: __*/s/ Nag Young Chu*_
NAG YOUNG CHU
Assistant United States Attorney

Attorneys for the Defendant